UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-25298-KMM

SECURITIES AND EXCHANGE
COMMISSION,

      **Plaintiff,**

  v.

TEVA PHARMACEUTICAL
INDUSTRIES LTD.,

      **Defendant.**

## FINAL JUDGMENT AS TO DEFENDANT
## TEVA PHARMACEUTICAL INDUSTRIES LTD.

  THIS CAUSE came before the Court upon Plaintiff's Motion for Final Judgment (ECF No. 4).  The Securities and Exchange Commission having filed a Complaint and Defendant Teva Pharmaceutical Industries Ltd. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 30A of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78dd-1] by use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of

any offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

(1) any foreign official for purposes of-

(A)(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of-

(A)(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or

(iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political

office for purposes of-

(A)(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage;

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(b)(2)(A)], by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the Defendant.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement in the amount of $214,596,170, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $21,505,654, for a total of $236,101,824. Defendant shall pay the disgorgement to the Securities and Exchange Commission within 60 days of the entry of the Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Teva Pharmaceutical Industries Ltd. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 60 days following entry of this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to retain an independent monitor pursuant to paragraphs 5 through 33 of the Consent, and to certify, in writing, compliance with the undertakings set forth in the

Consent.  The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence.  Defendant shall submit the certification and supporting material to Thierry Olivier Desmet, Assistant Director, FCPA Unit, Division of Enforcement, U.S. Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131, no later than sixty (60) days from the date of the completion of the undertakings.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: December 29, 2016

*K. M. Moore*
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT COURT JUDGE